**MARYLAND CASUALTY CO. v. COKER.**

No. 9520.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1941.

James C. Wilson, Jr., of Fort Worth, Tex., for appellant.

H. Earl Cox, of Houston, Tex., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, James L. Coker, was an employee of the Texas Co., of which com-

pany appellant was the insurer, under the provisions of the Texas Workmen's Compensation Laws, Vernon's Ann.Civ.St.Tex. art. 8306 et seq. On September 7, 1938, Coker was accidentally injured in the course of his employment. He claimed total and permanent injury and applied to the Industrial Accident Board of Texas for an award. Not being satisfied with the award, he brought suit in a state court claiming compensation at the rate of $16.85 per week for 401 weeks and prayed for a lump sum settlement. The suit was removed to the Federal Court by the insurance company. On a pre-trial hearing it was stipulated the only issue for the jury was the extent of plaintiff's injuries, plaintiff claiming total and permanent disability, defendant denying this and asserting his injuries did not exceed disability for 26 weeks, for which he had been paid at the rate of $16.85 per week, a total of $438.10; and whether, if the jury found him to be totally and permanently injured, he should be paid a lump sum or in weekly installments.

The case was submitted to the jury, a verdict in favor of plaintiff was returned and judgment was entered in the sum of $5,382.91, about $1,000 less than claimed.

The only errors urged on appeal run to the remarks of the court when admitting certain moving pictures of plaintiff in evidence and in not granting a mistrial for that reason.

The evidence tends to show that one Banks, employed by the insurance company, took Coker on a fishing trip with female companions and the usual liquid refreshments. The pictures offered were taken by a concealed photographer and purported to show Coker rowing the boat. Coker admitted going upon the party but denied knowing Banks was employed by the insurance company and denied that he rowed the boat at all. Over objection, the pictures were admitted in evidence, at which time the court remarked: "Well, as to policy I don't approve of the methods employed, but I assume under the general rules of law that the jury is entitled to see the pictures and the jury can take into consideration the method employed to secure them and have the pictures made."

Other pictures were offered and objected to but the court admitted them. However, he said: "I have ruled on the other. I recognize the merit of the objection to the effect that it is violating the sense of fairness, propriety and good morals to take pictures in the way these pictures were allegedly taken."

Immediately after the pictures were admitted the court charged the jury: "Anything I say in making a ruling on the admissibility of evidence that would indicate to your mind that the court had any idea one way or the other as to the tendency of tendered evidence is not binding on the jury, and I charge you completely to disregard anything the court says in ruling on these objections and completely to disregard the statements I have made in ruling on the admissibility of these pictures."

This charge was, in substance, repeated in the general charge of the court.

There is something to be said on both sides of the question presented. Moving pictures taken of a plaintiff in a personal injury suit, which may tend to show he is malingering must usually be taken secretly. On the other hand, when the defendant induces the plaintiff to put himself in a position where such pictures may be taken, the situation is somewhat analogous to entrapment in a criminal case. But, in the last analysis, moving pictures displayed to the jury are entitled to no more weight than the testimony of a reliable witness. It would have been better if the remarks of the court had been left unsaid. It is apparent the court recognized this and immediately took pains to charge the jury to disregard his remarks. It may be assumed the jury, under their oaths, did so. The plaintiff denied that he had rowed the boat or had done anything else that would be beyond his strength, if he were totally and permanently disabled. Substantial evidence in the record tends to show he was totally and permanently incapacitated, within the meaning of the law.

On this conflicting evidence the case presented was for the jury. We consider the remarks of the court, if error, were harmless.

The judgment is affirmed.